**JONES et al.**

*v.*

**CITY OF HAMTRAMCK et al.**
**Civ. A. No. 12307.**

United States District Court
E. D. Michigan, S. D.

Jan. 7, 1954.

John W. Roxborough II, Willis M. Graves, and Francis M. Dent, Detroit, Mich., for plaintiffs.

Chester C. Pierce, Stanley J. Draganski, and Charles W. Kotulski, Hamtramck, Mich., for defendants.

THORNTON, District Judge.

The Court has before it a motion filed by the plaintiffs herein for summary judgment. The action was brought by the plaintiffs as a class action on behalf of themselves and on behalf of others similarly situated. Plaintiffs seek an injunction and declaratory judgment:

"* * * for the purpose of determining a question in actual controversy between the parties, that is, whether the regulation, policy, custom, usage, conduct and practice of defendants in refusing to lease to plaintiffs and other eligible Negro applicants similarly situated solely because of their race and color and in accordance with a strict policy of racial discrimination, units of housing under the administration, control and management of the defendants, is a violation of the Constitution and laws of the United States particularly the Fourteenth Amendment to the United States Constitution and Title 8, Sections 41 and 42 of the United States Code." (Para. II, p. 2, Original Complaint.)

In their answer to plaintiffs' complaint defendants:

"deny that in administering the public housing program, they or any of them have adopted any strict policy of racial segregation based solely upon the race or color of any prospective tenants." (Para. 8, p. 4, Answer to Plaintiffs' Complaint.)

It therefore appeared to this Court that the pleadings disclosed the existence of a genuine issue as to a material fact and, in order to determine whether such genuine issue was actually present, a hearing was held and testimony taken. The testimony was unequivocal that as a practical matter, and in conformity with the regulations promulgated by the Hamtramck Housing Commission, it was impossible for a member of the Negro race to be granted occupancy in the public housing facilities in question, said housing facilities being under the auspices of public funds, both local and federal. As a result of said testimony it appears to this Court that the only apparent issue of fact, namely, the exclusion of Negroes from the Colonel Hamtramck Homes, Project Mich. 4–1, solely because of race, is not an issue, but that discrimination is a fact. It also appears that this housing project is the only low rent public housing project in the City of Hamtramck.

Counsel for plaintiffs have brought to the attention of the Court a number of cases decided by other courts dealing with a situation almost identical with the one with which we are here confronted. We need not here be concerned with the "separate but equal" doctrine laid down in Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256, as defendants do not even suggest that there are equal facilities elsewhere available to these plaintiffs. We are persuaded that the opinion of Judge Kloeb in the case of Vann v. Toledo Metropolitan Housing Authority, D.C., 113 F.Supp. 210, contains a correct analysis of the law of the land as it stands today in relation to the instant subject matter, and that we cannot do better than to adopt the reasoning and conclusions, as well as the citations of authorities, insofar as applicable here, from that opinion.

The motion for summary judgment is granted. Settle order on notice.